# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.
FedEx parcel #802669865702 addressed to "Girtha )
Davis at 2719 Granite Park Ln, Elk Grove, California, )   2:13-SW-0492 AC
95758," California, 95758" )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___EASTERN___ District of ___CALIFORNIA___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. section 841(a); | Distribution and possession with intent to distribute a controlled substance; and |
| 21 U.S.C. section 846 | Attempt and conspiracy to commit the foregoing offense |

The application is based on these facts:

See Affidavit of Special Agent Chase Cook in Support of Search Warrant

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Chase Cook, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/02/2013__

_____
*Judge's signature*

City and state: Sacramento, California     Hon. Allison Claire, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Special Agent Chase Cook

I, Chase Cook, being duly sworn, hereby depose and state:

## Purpose

1. This Affidavit is made in support of a search warrant for a:

   a. FedEx parcel with tracking #802669865702 addressed to "Girtha Davis at 2719 Granite Park Ln, Elk Grove, California, 95758," (hereinafter referred to as "**THE PARCEL**").

   **THE PARCEL** is in the temporary custody of the Drug Enforcement Administration ("DEA") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein. I believe there is probable cause to believe that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance) and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

## Agent Background

2. I have been a DEA Special Agent since March 2009. I am currently assigned to the DEA Sacramento District Office charged with investigating major drug trafficking organizations operating in the Eastern District of California, and elsewhere. As a DEA agent, I have assisted in the execution of search warrants on many occasions for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of federal drug statutes. I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances.

3. Through my training, experience, and interaction with other experienced Special Agents, Task Force Agents, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training in

1

narcotics investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques, and drug identification from DEA.

4. I have participated in many investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. Also, today I spoke to DEA Special Agent Kevin O'Malley who has over 30 years of experience and has executing approximately 300 search warrants related to parcel interdiction efforts. I also spoke to California Highway Patrol Officer Dave Rodgers, who, with his K-9, has extensive experience in interdicting and seizing contraband. Based on the circumstances detailed further below, both Agent O'Malley and Officer Rodgers believe **THE PARCEL** contains either an illegal substance and/or proceeds from an unknown illegal activity.

5. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

6. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

A. **Parcel Identification**

7. On August 2, 2013, I was contacted by DEA Special Agent Hilda Rubino and told I should examine a parcel located at the Federal Express ("FedEx") facility in Rancho Cordova, California. Based on several indicators that are discussed below, this package was suspected of possibly containing illegal substances or proceeds from illegal activities. During a visual and physical examination of **THE PARCEL**, I discovered the following observations that my training and experience have shown are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking.

8. **THE PARCEL** was sent by FexEx Priority Overnight. FedEx parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream. More than most recipients and shippers, drug traffickers sending or receiving drugs or money are apt to check the

status of their package while in transit. This is particularly so if the delivery is late and law enforcement interdiction is suspected.

9. Officer Rodgers and I noted that **THE PARCEL** has been packaged with tape on the seams of the cardboard. I know from experience that drug traffickers sending contraband and/or ill-gotten proceeds frequently attempt to use tape to make a tight seal on the package in order to keep odors from items inside packages from leaking outside the box. Drug traffickers sending illegal drugs or drug proceeds through the mail are concerned that drug sniffing dogs will be able to smell the contents' odors and the package may be seized by law enforcement.

10. A search for the recipient address on **THE PARCEL** "Girtha Davis, 2719 Granite Park Ln, Elk Grove, California 95758" was conducted by using Lexis Nexis, a database that law enforcement utilizes to verify names and addresses. The search showed that this address is a true address and a person named Girtha Davis is associated with the address. According to the packing slip, a telephone number was listed for Girtha Davis. Law enforcement attempted to call this number on multiple occasions. On one occasion, the female who answered the agent's call hung up the phone on the agent. A subsequent attempt to call the number was not answered and went to a non-descript voice mail. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often provide fictitious names and telephone numbers in an effort to remain anonymous. Although it is unknown if Mrs. Davis is involved or has knowledge of the shipment of **THE PARCEL**, being that her birth year is 1946, I suspect that she and her residence are being used by drug traffickers for the specific purpose of receiving this package.

11. A search for the return address on **THE PARCEL**, "Lutisha Stockdale, 149 Jesse Layne Dr., Harvest, Alabama 35749" was conducted using Lexis Nexis, a database that law enforcement utilizes to verify names and addresses. The search showed that this address is a true address and a person named Lutisha Roberts (AKA: Lutisha Stockdale) is associated with the address. Despite having an Alabama address, a (916) area code telephone number, a northern California area code, was listed on the airway bill. I believe it is possible that the sender of this package is involved and has knowledge of any illegal contents, but it may be that Mrs. Davis, the recipient, is not aware. However, because Mrs. Davis hung up the phone on the agent, and is not answering the phone, her role remains unknown at this time.

12. **THE PARCEL** has a waiver of signature. A waiver of signature indicates that the sender wants the package to be delivered regardless of whether the recipient is home at

3

the time of delivery. This tactic is sometimes used to prevent law enforcement from determining the actual identity of the parcel recipient.

13. **THE PARCEL** has a handwritten FedEx air bill which indicated that the sender of the parcel requested priority overnight delivery service. Drug traffickers sending drugs or drug proceeds through the mail system often use handwritten air bills which are more difficult to read, should law enforcement seize the package. In this case, the air bill for **THE PARCEL** had at least two words which were difficult to read and had to be looked up by agents. I also learned that the sender of **THE PARCEL** paid $285.00 cash for two-day delivery service. In my experience and the experience of other senior agents and officers, I know that drug traffickers sending drugs and/or ill-gotten proceeds through the mail system will pay cash, even for packages of significant weight, like **THE PARCEL**, which is approximately 48 pounds. Cash is used as payment because it is one less way of tracking those involved.

B.  **Narcotic Detection Canine Sniff**

14. On August 2, 2013, CHP Officer Rodgers utilized his narcotic-detection trained canine "Fox" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located in an unoccupied office at the FedEx Processing and Distribution Center in Rancho Cordova, California. The package was sitting on the carpet. At approximately 12:00 p.m., Fox entered the room and immediately exhibited a change in behavior. Officer Rodgers noted to me that Fox began to take in deep breaths and looked like he was "working," meaning that the dog was concentrating on the odors he was detecting. Fox then made an active alert on **THE PARCEL** by scratching at the side of it. According to Officer Rodgers, this behavior is Fox's indication that **THE PARCEL** contains an odor that Fox is trained to detect. Officer Rodgers and Fox's training and experience in interdiction is listed below:

   I.   Fox is a four-year-old Belgian Malinois. Fox was trained in West Sacramento, California at the California Highway Patrol Academy specifically for the detection of illicit narcotics and handler protection.

   II.  The training class provides the skills necessary for the officer/handler to work as a team in the detection of illicit narcotics. The training encompassed a 12-week time period. During the course the K-9 teams work in a variety of settings ranging from vehicles, houses, commercial buildings, commercial trucks, airport hangers, boats, aircraft, and various other settings.

   III. Fox is trained to specifically detect four different narcotic odors: marijuana, cocaine, methamphetamine, and heroin. Fox is trained to alert

4

aggressively by scratching, biting, barking or some type of change in his behavior when he detects the odor of these narcotics. Fox performs his detection work for a toy reward. Fox is also "proofed" on latex, silicone, rubber and currency; both circulated and non-circulated.

IV. The basic narcotic training was a total of 280 hours, which Fox completed in May 2011. Fox was certified by the California Highway Patrol on May 24, 2011 by Sergeant Jerry Jacobs, CHP Canine Coordinator. Fox has successfully recertified annually since initial certification.

V. Fox and handler, CHP Officer David Rodgers, #15421, completed the entire training program and certification process together and both have been assigned to road patrol duties since May 25, 2011. Fox's training is continuous and occurs on a near daily basis on each narcotic and handler protection.

VI. Fox is continuously involved in many training exercises where known illicit narcotic substances, and containers that have previously contained these narcotics were hidden for training purposes. Due to odor absorption, and Fox's inherently keen sense of smell, he will continue to alert on the container or item. This is dependent on the length of exposure to the narcotic and the ventilation of the item or container.

C. **Methods and Means of Using the United States Mail**

15. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the mail system to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

   a. It is common practice for shippers of the controlled substances to use express or priority shipping because the drugs arrive at the destination more quickly and on a predictable date. Express and priority options, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the shipper's website and/or calling the local post office.

   b. Packages contained controlled substances or proceeds, in many instances, contain a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also

5

sometimes addressed to or from a commercial mail receiving agency (e.g. Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious; and/or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

   c. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers will often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

   d. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

16. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

17. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846:

   a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

///

///

///

///

///

## Conclusion

18. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_____
Chase P. Cook
Special Agent, Drug Enforcement Administration

Sworn and Subscribed to me on August 2, 2013,

_____
Hon. Allison Claire
United States Magistrate Judge

Approved as to form:

_____
JUSTIN L. LEE
Assistant United States Attorney

## ATTACHMENT A

*Description of the Parcel to be Searched*

One FedEx Parcel, measuring approximately 24" x 24" x 18" weighing approximately 48.1 pounds, sent via Express Mail with tracking number 802669865702. **THE PARCEL** is addressed to "Girtha Davis at 2719 Granite Park Ln, Elk Grove, California, 95758," with a sender address of "Lutisha Stockdale, 149 Jesse Layne Dr., Harvest, Alabama 35749." **THE PARCEL** bears a FedEx shipping label depicting a shipped date of "July 31, 2013," "**2Day**," and "August 2, 2013" which is the intended delivery date.

**THE PARCEL** is currently in my possession in the Eastern District of California.

# **ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>FedEx parcel #802669865702 addressed to "Girtha Davis at 2719 Granite Park Ln, Elk Grove, California, 95758," California, 95758" | )<br>)<br>)<br>)   Case No. 2:13-SW-0492 AC<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     **EASTERN**     District of     **CALIFORNIA**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     **August 12, 2013**
                                                                        *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge **Hon. Allison Claire or duty magistrate judge** .
                                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: *8/2/13 3:22*     _____
                                                    *Judge's signature*

City and state:     Sacramento, California          Hon. Allison Claire, U.S. Magistrate Judge
                                                    *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date. _____
*Signature of Judge*              *Date*